1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4       EVIE JOE MORRIS,                          )
                                                  )
5                        Plaintiff,               )        Case No.: 2:21-cv-01311-GMN-NJK
             vs.                                  )
6                                                 )                    **ORDER**
        TRAVELERS INSURANCE, *et al.*,            )
7                                                 )
                         Defendants.              )
8                                                 )
                                                  )
9       _____  )

10           Pending before the Court is the Motion to Dismiss, (ECF No. 5), filed by Defendant

11      Travelers Home and Marine Insurance Company ("Defendant").  Plaintiff Evie Joe Morris

12      ("Plaintiff") filed a Response, (ECF No. 9), and Defendant filed a Reply, (ECF No. 11).

13           For the reasons discussed below, the Court **GRANTS in part and DENIES in part**

14      Defendant's Motion to Dismiss.

15      **I.      BACKGROUND**

16           This case arises from a homeowner's coverage dispute, stemming from a slab leak in the

17      main bathroom of Plaintiff's home. (*See generally* Am. Compl., ECF No. 1-3).  The parties

18      provide a detailed review of the facts alleged in the Amended Complaint, and the background

19      and procedural history of the case in their briefing for the Motion to Dismiss. (Mot. Dismiss

20      ("MTD") 3:13–7:11, ECF No. 5); (Resp. MTD 2:3–5:28, ECF No. 9).  Defendant now moves

21      to dismiss the Amended Complaint for failure to state a claim, and Plaintiff opposes.

22      **II.     LEGAL STANDARD**

23           Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

24      which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

25      555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

1   which it rests, and although a court must take all factual allegations as true, legal conclusions

2   couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

3   12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

4   of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain

5   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

6   face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

7   claim has facial plausibility when the plaintiff pleads factual content that allows the court to

8   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

9   standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

10      In considering whether the complaint is sufficient to state a claim, the Court will take all

11   material allegations as true and construe them in the light most favorable to the plaintiff. *See*

12   *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  "Generally, a district court may

13   not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal*

14   *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

15   "However, material which is properly submitted as part of the complaint may be considered."

16   *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no

17   party questions, but which are not physically attached to the pleading, may be considered in

18   ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

19   1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public

20   record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a

21   court considers materials outside of the pleadings, the motion to dismiss is converted into a

22   motion for summary judgment. Fed. R. Civ. P. 12(d).

23   **III.    DISCUSSION**

24      Plaintiff brings several claims against Defendants: (1) breach of contract; (2) unfair

25   claim settlement practices; (3) breach of the implied covenant of good faith and fair dealing; (4)

1    tortious bad faith—breach of fiduciary duty—exemplary damages;[1] and (5) declaratory

2    judgment.[2] (*See* Am. Compl. 3:12–10:2).  Defendant moves to dismiss Plaintiff's claims

3    because she does not plead specific, factual allegations to support them. (*See* MTD 8:3–13:25).

4    Because the Court dismissed the latter two causes of action, *see supra* notes 1 and 2, the Court

5    will discuss Plaintiff's remaining claims in turn.

6        As a preliminary matter, the Court dismisses all claims against Defendants Travelers

7    Insurance, Travelers Indemnity Company, and Travelers Property Casualty because these

8    entities are not underwriters of or parties to the insurance policy at issue. *See Vargas v.*

9    *California State Auto. Ass'n Inter-Ins. Bureau*, 788 F. Supp. 462, 465 (D. Nev. 1992) ("It is

10   antithetical to the concept of [a] bad faith cause of action to assert that someone who is not a

11   party to the contract may be liable for violating one of the contract's implied covenants.");

12   *Yoon v. Travelers Indem. Co.*, No. 2:20-cv-1507-JCM-EJY, 2020 WL 7699838, at *2 (D. Nev.

13   Dec. 28, 2020) ("Nevada's Unfair Claims Practices Act, [NRS] § 686A.310 *et seq.*, provides a

14   private right of action for insureds against *insurers* and imposes liability for enumerated unfair

15   claims practices.") (emphasis added).  Accordingly, the Court dismisses with prejudice all

16

17
_____

18   [1] "Nevada law does not recognize a separate 'breach of fiduciary duty' claim by an insured against an insurer."
*Ngan Le v. Sentinel Ins. Co.*, No. 2:14-cv-00747-APG, 2015 WL 685215, at *2 (D. Nev. Feb. 17, 2015); *see also*
19   *Desert Palace, Inc. v. Ace American Ins. Co.*, 2011 WL 810235 at *4 (D.Nev. Mar. 2, 2011) ("Nevada treats a
breach of the fiduciary nature of the insurer-insured relationship [as] part of the duty of good faith and fair
dealing, not a separate tort claim. . . . Nevada does not recognize breach of fiduciary duty claims alleged against
20   an insurer by its insured.") (quotations omitted).  Further, Plaintiff's claim of bad faith is duplicative because a
bad faith claim equates to a claim for breach of the implied covenant of good faith and fair dealing. *See Rosas v.*
21   *GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1126–27 (D. Nev. 2019).  Finally, exemplary (*i.e.*, punitive) damages
are "a form of relief and not an independent cause of action." *Villeda v. GEICO Casualty Company*, 2:21-cv-
22   00278-GMN-NJK, 2021 WL 3742020, at *3 (D. Nev. Aug. 24, 2021).  Accordingly, the Court dismisses with
prejudice Plaintiff's tortious bad faith—breach of fiduciary duty—exemplary damages claim.  Plaintiff, however,
23   may still seek exemplary damages as a remedy if it so wishes.
[2] "[D]eclaratory relief is merely a remedy, not a stand-alone cause of action." *Herrera v. Nationstar Mortg.,*
24   *LLC*, No. 2:16-cv-01043-GMN-GWF, 2017 WL 1091788, at *4 (D. Nev. Mar. 22, 2017) (citations omitted).
Accordingly, the Court dismisses with prejudice Plaintiff's independent *cause of action* for declaratory relief as a
25   matter of law.  Plaintiff, however, may still seek declaratory relief as a remedy.  Although Defendant argues the
Court should deny this remedy because Plaintiff does not state a claim for breach of contract, the Court holds
otherwise, as discussed in more detail below.

1  claims against Defendants Travelers Insurance, Travelers Indemnity Company, and Travelers

2  Property Casualty.

3            **A. Breach of Contract**

4         Plaintiff claims Defendants breached the terms of the insurance policy because they did

5  not and refused to compensate Plaintiff for the losses she incurred because of the covered

6  claim. (Am. Compl. ¶ 33).  Defendant argues Plaintiff fails to support this claim with specific,

7  factual allegations. (MTD 4:11–22).  "To prove a breach of contract, the plaintiff must show an

8  existing valid agreement with the defendant, the defendant's material breach, and damages."

9  *Brochu v. Foote Enterprises, Inc.*, 381 P.3d 596 (Nev. 2012).  Here, a valid agreement exists in

10  the form of a homeowner's policy of insurance, policy number 600709054 633 1 (the

11  "Policy").[3] (*See generally* Travelers Issued Policy No. 600709054 033 1, Ex. A to MTD, ECF

12  No. 5-1).  To start, Plaintiff repeatedly references a "General Allegations" section of the

13  Complaint to support several of her causes of action, but this section does not exist in the

14  Complaint. (*See* Am. Compl. ¶¶ 16, 34, 39, 46); (*see generally* Am. Compl.).  Despite that,

15  Plaintiff pleads with sufficient specificity how Defendants purportedly breached the Policy.

16  For instance, Plaintiff states the date she purchased the Policy, the language of the Policy, the

17  date she submitted a claim under the Policy, Defendant's response to her claim wherein

18  Defendant allegedly failed to adequately investigate the causes of the damage to her home, the

19  accommodations Defendant provided under the Policy, Defendant's alleged failure to provide

20  reasonable coverage, and Defendant's denial of Plaintiff's claim. (Am. Compl. ¶¶ 12–13, 16–

21  32).  However, Plaintiff fails to allege with specific, factual allegations the damages she

22  suffered as a result of Defendant's alleged breach of the Policy. (*See id.* ¶¶ 11–36).  Plaintiff

23                  

24  [3] The Court may consider the certified copy of the Policy, which is referenced in the Amended Complaint and upon which Plaintiff's claims are based, without converting the instant Motion to a motion for summary

25  judgment. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

1  states she was damaged but does not assert how or any concrete figures. (*See id.* ¶ 33–35).

2  Accordingly, the Court dismisses without prejudice Plaintiff's breach of contract claim.

3  **B.  Unfair Claim Settlement Practices**

4  Plaintiff's second cause of action alleges violations under the Unfair Claims Practices

5  Action ("UCPA") under NRS 686A.310. (Am. Compl. ¶¶ 37–41).  Defendant moves to dismiss

6  this claim because Plaintiff merely copies and pastes the UCPA statutory subsections into the

7  Complaint without further explanation. (MTD 11:3–7).  NRS 686A.310 specifies certain unfair

8  practices by insurance companies and provides a cause of action for an insured to enforce these

9  provisions against an insurer. *See* NRS 686A.310; *Hart v. Prudential*, 848 F. Supp. 900, 903

10  (D. Nev. 1994).  "Unlike a cause of action for bad faith, the provisions of NRS § 686A.310

11  address the manner in which an insurer handles an insured's claim whether or not the claim is

12  denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev.

13  2010).

14  Here, as Defendant correctly points out, Plaintiff does nothing to defend this claim other

15  than by stating that she "has demonstrated the facts necessary to support the claims for relief as

16  alleged in the Complaint." (*See* Resp. MTD 6:18–19).  Because she fails to present points and

17  authorities in response to Defendant's MTD, the Court grants dismissal of Plaintiff's UCPA

18  claim. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in

19  response to any motion . . . constitutes a consent to the granting of the motion.").

20  Notwithstanding dismissal under LR 7-2(d), Plaintiff's Complaint also fails to include specific,

21  factual allegations to support her claim that Defendants used unfair practices in settling claims.

22  Plaintiff's UCPA claim merely parrots NRS 686A.310 without providing anymore detail.

23  Accordingly, the Court grants dismissal of Plaintiff's UCPA claim without prejudice.

24  ///

25  ///

1

**C.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

2

Next, Plaintiff alleges that Defendant acted in bad faith when it denied or provided

3 insufficient coverage for the damages she sustained because of her covered loss. (*See* Am.

4 Compl. ¶¶ 44–45).  Defendant contends Plaintiff fails to allege with specificity the damages she

5 "incurred in living expenses or why the amount [Defendant] is alleged to have paid is

6 unreasonable." (Resp. MTD 12:22–25).

7

A plaintiff must establish the following to succeed on a claim for breach of the implied

8 covenant of good faith and fair dealing: (1) a contract between the parties exists; (2) the

9 defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to

10 the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were

11 denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels v. Butch*

12 *Lewis Productions*, 808 P.2d 919, 923 (Nev. 1991)).  "Bad faith is established where the insurer

13 acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Guar.*

14 *Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996).

15

Here, a valid contract exists in the form of the Policy. (*See generally* Travelers Issued

16 Policy No. 600709054 033 1, Ex. A to MTD).  That Policy provides that in return for the

17 premium Plaintiff paid, Defendant will provide insurance to cover the cost of damage to the

18 property. (*See id.* at 12, 14, Ex. A to MTD).  The Policy also states that if loss covered under

19 the Policy makes part of the property uninhabitable, Defendant will "cover any necessary

20 increase in living expenses incurred by [the policyholder] so that your household can maintain

21 its normal standard of living." (*Id.* at 16, Ex. A to MTD).  Plaintiff includes allegations lending

22 support to the notion that Defendant acted in a manner unfaithful to the purpose of the Policy

23 and that Plaintiff's justified expectations under the Policy were denied.  For instance, she

24 alleges that Defendant: (1) did not adequately investigate the causes of the damage to her home;

25 (2) "disregarded various attempts to reach a reasonable form of coverage"; (3) used delay

1    tactics before providing coverage; (4) told Plaintiff to vacate the temporary housing initially

2    provided under the Policy during the COVID-19 pandemic; and (5) denied coverage without

3    addressing issues she raised. (*See* Am. Compl. ¶¶ 24–26, 28–32).  Plaintiff sufficiently pleads

4    with enough specificity that Defendant acted unreasonably and with knowledge that there was

5    no reasonable basis for its conduct.  *Potter*, 912 P.2d at 272; (*see* Am. Compl. ¶¶ 26, 28–30)

6    (alleging that Defendant intended to force Plaintiff to vacate the temporary housing provided

7    under the Policy before Plaintiff's counsel sent it a letter of representation and demanding

8    Defendant to reconsider its position).  Accordingly, the Court denies dismissal of Plaintiff's

9    good faith and fair dealing claim.

10                    **D.  Leave to Amend**

11           If the court grants a motion to dismiss for failure to state a claim, leave to amend should

12   be granted unless it is clear that the deficiencies of the complaint cannot be cured by

13   amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

14   to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

15   the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

16   movant, repeated failure to cure deficiencies by amendments previously allowed, undue

17   prejudice to the opposing party by virtue of allowance of the amendment, futility of the

18   amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

19           Here, the Court grants Plaintiff leave to amend her Complaint to include more specific,

20   factual allegations to support her breach of contract and UCPA claims.  Regarding her breach

21   of contract claim, based on the factual allegations Plaintiff includes to support the first two

22   elements of breach, it is possible for Plaintiff to include more specific, factual allegations

23   concerning the damages she suffered as a result of Defendant's alleged breach of the Policy.

24   As to her UCPA claim, it is not clear that Plaintiff cannot cure the deficiencies by amending her

25   claim.  She includes specific allegations in other sections of her Complaint showcasing

Defendant's purported misconduct; all that is required of her is to provide more factual allegations to support her contentions that Defendant used unfair practices in settling claims. Thus, Plaintiff will be able to amend her Complaint to cure the deficiencies noted above.  If Plaintiff seeks to amend claims the Court dismisses without prejudice, she will have twenty-one (21) days after the Court enters this Order to file a Second Amended Complaint.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 5), is **GRANTED in part and DENIED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend claims dismissed without prejudice, Plaintiff shall file an amended complaint within twenty-one (21) days from the entry of this Order.

**DATED** this __23__ day of November, 2022.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT